IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON ESTUARDO FLORES-MARTINEZ, | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-26-1251 |
| WARDEN, Joe Corley Processing Center, *et al.*, | § § § § | |
| Respondents. | § | |

**ORDER**

The petitioner, Nelson Estuardo Flores-Martinez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1). The Fifth Circuit recently held that 8 U.S.C. § 1225(b) applies to petitioners like Flores-Martinez and that the respondents may detain him without bond. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

This court has held that petitioners like Flores-Martinez are entitled to a bond hearing because they are members of a class that was certified in a case in which a final judgment has been entered. *See, e.g.*, *Montoya Cabanas v. Bradford*, Civil Action No. 4:26-32, ECF No. 12 (S.D. Tex. Jan. 18, 2026); *Godoy Reyes v. Bradford*, Civil Action No. 4:26-541, ECF Nos. 13, 15 (S.D. Tex. Feb. 17, 2026). A district court in the Central District of California certified a nationwide class action and entered a final judgment declaring that the class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado*

*Bautista v. Noem*, No. 5:25-CV01873-SSS- BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). "The Fifth Circuit's rejection of the petitioner's statutory argument would ordinarily bind this court. But the preclusive effect of the earlier class-action judgment requires this court to apply the petitioner's interpretation of the statute." *Godoy Reyes*, ECF No. 15 at 2.[1]

---

[1] The respondents do not offer a reason to depart from the court's past rulings. They argue that class-wide relief was inappropriate and entered in excess of the class-action court's jurisdiction, that the class-action judgment is on appeal, and that preclusion does not apply in the habeas context. (Docket Entry No. 6). The court has already considered and rejected each of these arguments, and the respondents do not respond to the court's holdings addressing them. *See Godoy Reyes*, ECF No. 15 at 2–6; *Montoya Cabanas*, ECF No. 12 at 2–4.

The respondents also argue that the declaratory judgment issued by the *Maldonado Bautista* court "cannot be binding" and "is void with respect to custodians who are located outside [the Central District of California]." (Docket Entry No. 6 at 2–4). They claim that because the custodian of the facility where Flores-Martinez is detained—the warden of the Joe Corley Processing Center—was not a party in the *Maldonado Bautista* case, the class-action "judgment cannot be binding and preclusive against" the respondents in this case. (Docket Entry No. 6 at 3). But the government has already conceded in this case—and in more or less every answer it has filed with the court in other immigration habeas matters—that the federal respondents are the real-party-in-interest. *See* Docket Entry No. 5 at 6, n.1 ("The proper respondent in a habeas petition is the person with custody over the petitioner. That said, it is the Federal Respondents, not the named warden in this case, who makes the custodial decisions regarding aliens detained in immigration custody under Title 8 of the United States Code. Therefore, while the named warden is the proper party in form, the Government responds herein as the real party in interest." (citations omitted)); *see also, e.g.*, *Granados Gonzalez v. Bondi*, Civil Action No. 4:25-4756, ECF No. 8 at 8 n.1 (S.D. Tex.); *Moreno Rangel v. Noem*, Civil Action No. 4:25-5270, ECF No. 6 at 6 n1. (S.D. Tex.). The federal respondents' admission that they are the real party-in-interest binds them to the class-action judgment, even if the named custodian and formally proper party in this case is different from the one in the class-action judgment. *See Taylor v. Sturgell*, 553 U.S. 880, 895, 899–900 (2008) (explaining that a nominal plaintiff is subject to the same defenses as the defendant would have against the "real party in interest" because parties may not use representatives or agents to relitigate adverse judgments (citing *United States v. Des Moines Valley R. Co.*, 84 F. 40, 42–43 (C.A.8 1897) (Thayer, J.)); *see Des Moines Valley*, 84 F. at 43 ("[A] court of equity will hold the nominal plaintiff, even though it is the United States, subject to the same defenses which exist and might be pleaded as against the real party in interest, if he were suing in his own name.").

Finally, the respondents argue that further relief under 28 U.S.C. § 2202 is not "necessary" or "proper." (Docket Entry No. 6 at 7). This argument does not apply because 28 U.S.C. § 2202's "necessary" or "proper" language assumes the declaratory judgment is correct and asks what relief is needed "to effectuate" it. *United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 571 (5th Cir. 2005); *see id.* at 573–74 (holding that the declaratory judgment "conclusively established" the plaintiff's claim and that a denial of the § 2202 motion was an abuse of discretion that would render the judgment meaningless); *see Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 537 (5th Cir. 1978) ("[T]here is no reason to permit the relitigation of any issue actually litigated and necessary to the judgment rendered in such an anticipatory declaratory action.").

The petitioner "is entitled to the preclusive force of the declaration that 'Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2).'" *Montoya Cabanas*, ECF No. 12 at 6 (quoting *Maldonado Bautista*, 2025 WL 3678485, at *1). The respondents must provide the petitioner with a bond hearing under § 1226(a) that results in a ruling on the merits by **March 5, 2026**, or release him. The parties are to update the court on the status of the petitioner no later than **March 9, 2026**. The motion for summary judgment (Docket Entry No. 5) is **denied** and Flores-Martinez's petition for a writ of habeas corpus is **granted in part**.[2]

SIGNED on February 26, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[2] The petitioner seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*See* Docket Entry No. 1). The request is denied because "the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." *Barco v. White*, 65 F.4th 782, 785 (5th Cir. 2023) *cert. denied*, 144 S. Ct. 553 (2024).